United States District Court
Southern District of Texas
FILED

FEB 0 9 2012

Appendix B

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Ruth Ellen Stoever, pro se | )( | |
| Plaintiff | )( | |
| | )( | |
| Versus | )( | CIVIL ACTION NO._____ |
| | )( | |
| TECH USA and PAUL C. BALESSA, | )( | |
| Individually and as attorney for | )( | |
| TECH USA | )( | |
| Defendants | | |

## ORIGINAL COMPIAINT

This Court has jurisdiction because the Plaintiff is a resident of Harris County.

Paragraph #1: I, Ruth Ellen Stoever, pro se, am hereby suing the above named Defendants for libel, based on a statement made by Mr. Balessa that "she objects/objected to working alongside African Americans and Hispanics in an integrated workforce". This statement is "highlighted", for the Court's convenience, top paragraph as Page One (1) Exhibit A and Page Two to verify Mr. Balessa's signature.

Paragraph#2: Statement of Reply by myself, to Mr. Balessa's is attached as Exhibit B, consisting of one page and highlighted by the first words "The statement and ending SO NO, TECH, USA, don't even think about making such statements.

Paragraph #3: My demand in this petition as to compensation is TWO HUNDRED, TWENTY-FIVE THOUSAND ($225,000.00 and no/l00 DOLLARS. I have always worked and will continue to do so. hopefully for at least another ten (10) to fifteen (15) years and would earn at least this amount were I able to do so. BUT, as I have discovered just very recently, when speaking with a lady at the Texas Attorney General's Office on an entirely different matter, when the

PAGE ONE OF TWO PAGES OR ORIGINAL COMPLAINT

conversation was concluded, the lady asked me if I had filed a lawsuit (I had given her my name and phone # at the beginning of the call) I then realized that ANYBODY, ESPECIALLY A COMPANY, running a background check would come across this information and every company now has a diverse variation of personnel – African Americans, Hispanics, Asians, etc. – NONE OF WHICH I WOULD HAVE ANY OBJECTIONS TO WORKING WITH -  could very possibly conclude or at least would not want to take the chance that they might become involved in a lawsuit because of the statement Mr. Balessa made.

Respectfully submitted,

BY: _____
Ruth Ellen Stoever, pro se
22526 Millgate Dr.
Spring, TX 77373
Phone No.  281.409.0102


PAGE TWO OF TWO PAGES OF ORIGINAL COMPLAINT
plus Exhibits A, Pages 1 and 2
and Exhibit B, Page 1

Texas Workforce Commission
ATTN: Toni H. Mead, Civil Rights Investigator
March 17, 2009
Page 3 of 4

consulted about terminating her and did not receive contemporaneously any grounds for terminating this "at will," temporary employee). ~~[redacted]~~ To award Complainant any sort of recovery for a complaint with that kind of gravamen would fly in the face of forty years worth of civil rights legislation & litigation and federal & state government policies. Accordingly, TECH USA moves once again for dismissal of this claim (and closing of the Commission's file on it) and that TECH USA be excused from further responses or comment in this matter.

4) "*Proof of hire for Complainant*."

In its February 9 position statement, TECH USA submitted (i) a copy of Complainant's Agreement for Contract Employment (attached as Exhibit A thereto) and (ii) copies of each canceled check issued to Complainant for her work performed on the contract during this project (attached thereto as Exhibit B). Those documents conclusively prove that TECH USA did indeed hire/employ Complainant.

For the above reasons, TECH USA (i) reincorporates and realleges all of the facts and statements contained within its position statement of February 9, 2009; and, (ii) moves for dismissal of this matter (and closing of the file) because Complainant has failed to allege a basis upon which relief can be granted. In the alternative, TECH USA moves for dismissal of this matter because Complainant has failed to articulate what (if any) adverse personnel action(s) by TECH USA caused her harm.

TECH USA believes that it has complied in good faith and in a timely manner with the requests of Texas Workforce Commission during the investigation of the above-styled matter. TECH USA further believes that there already exists ample evidence to show that Complainant's claim is *prima facie* without merit and a thinly veiled attempt to leverage an ill-gotten monetary windfall from her own discriminatory and flawed worldview. By way of example only, TECH USA has attempted to settle this matter with Complainant for a more-than-generous sum in consideration of Complainant's execution and delivery to TECH USA of a TECH USA-form release. Complainant has rejected such offer out-of-hand in the mistaken belief that attempting to publicize her claim to any number of unwilling/uninterested listeners (and her perception that TECH USA's resulting putative fear of bad publicity) would rocket the value of her claim skyward. However, despite the thrust of her persistence (and certainly against the weight of logic), Complainant's claims remain meritless.

Given the potentially time-consuming nature of a continuing investigation and the substantial time and money already expended by my company in responding to (and defending) a claim wholly without merit, should the Texas Workforce Commission not dismiss this claim and close the file (and provide written confirmation of the same) to my office within a reasonable time, then TECH USA reserves its rights, per my previous letter to you, under that Agreement for Contract Employment between Complainant and TECH USA (including, without limitation, filing for binding

EXHIBIT A

Texas Workforce Commission
ATTN: Toni H. Mead, Civil Rights Investigator
March 17, 2009
Page 4 of 4

arbitration/mediation of Complainant's claim at a hearing to be held in the metropolitan Baltimore area).

Pursuant to 40 Texas Administrative Code, Section 819.72(1), any written statement must be under oath or affirmation. Accordingly, such affirmation is attached hereto as Exhibit A.

Sincerely yours,
TECH USA, LLC

By: _____
Paul C. Balson
Its Staff Attorney

EXHIBIT A  pag 2

...made by TECH USA that I objected to working along side African Americans and/or Hispanics is the most ridiculous statement I have ever heard in my life. Matter-of-Fact, when I was Manager of Personnel Services for Weiners Stores, Inc., in the early 1960's (BEFORE DESEGREGATION) one of my closet friends there was BLACK who was an Assistant Warehouse Manager and we would often go to lunch but unfortunately we couldn't go to "WHITE" places so we'd go to drive-ins, or to black restaurants, etc., etc. I was going to finish this and not waste the Court's time but it has angered me so much of that comment that I just have to add some additional information regarding this or I should say these types of situations. Another occurred when I was part owner of a company and my assistant and I were obligated to go to the San Francisco, CA., to train our newly acquired partners, subsidiary – were not allowed to call them franchisees because if I remember correctly, the "Home Company" had to have a much higher financial worth. Long story short, the gentlemen that were our partners were black and my assistant and I were white. We were, by our contract, to train these gentlemen for six (6) weeks. Actually two things occurred that really upset me – this was 1972-1973; the gentlemen took us to eat at the Empress of China and I actually thought they would refuse to serve us. We were all dressed appropriately. The other thing that happened was that when I went to obtain licenses for the business, I'd no problems in Los Angeles, Riverside, etc. counties, I had problems in the beginning because I failed to point out to the individuals that issued the licenses that I was obtaining them on behalf of my husband and myself in Los Angeles and did not mention this and in my opinion, it was strictly based on Mr. Greene being black and I being white because after I stopped and explained things, we were able to obtain all licenses that we requested. I have another instance but will stop here. If some one wants to hear it, it happened in East Texas in or around 1993.

**Pages 11 thru 16**

This Letter Representation, dated February 9th, 2009 and notarized, is only attached to show the disparities that are mentioned in a Letter dated March 17th, 2009 (a month later) in which I have pointed out most of my concerns.

**Pages 17 thru 19**

These were sent by Texas Workforce I believe, however, when I obtained the Open Records, I didn't see a transmittal letter sending this to TECH USA, unless I overlooked it. It is simply a blank copy of which TECH USA

EXHIBIT B